UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-22873-COOKE/O'SULLIVAN

FUND-EQ, JCA, LLC, a series of
FORGE INVESTMENTS, LLC,
f/k/a EQUIDATE INVESTMENTS, LLC,
et al.,

    Plaintiffs,
v.

JULIAN TARGOWSKI,

    Defendant.
                                  /

## **ORDER**

THIS MATTER came before the Court on the Plaintiffs' Motion for Entry of *Ex Parte* Temporary Restraining Order, or Alternatively, for an *Ex Parte* Preliminary Injunction (DE# 5, 8/9/21). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Entry of *Ex Parte* Temporary Restraining Order, or Alternatively, for an *Ex Parte* Preliminary Injunction (DE# 5, 8/9/21) is DENIED.  The undersigned finds that the requirements of Rule 65(b) of the Federal Rules of Civil Procedure for entry of a temporary restraining order without notice to the defendant have not been satisfied.  Fed. R. Civ. P. 65(b).  Rule 65(b) provides:

> (1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if;
>     (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>     (B) the movant's attorney certifies in writing any efforts made

to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b). Neither the motion, which is not verified, nor the declaration address specific facts as to why the defendant should not receive notice. The plaintiffs' reliance on <u>Southeastern Mechanical Services, Inc. v. Brody</u>, No. 8:08-CV-1151-T-30EAJ, 2008 WL 4613046 (M.D. Fla. October 15, 2008) is misplaced. <u>Brody</u> did not involve an *ex parte* motion for a temporary restraining order and the defendants filed a response and participated in a hearing. <u>Brody</u>, 2008 WL 4613046, at *1 ("Plaintiff's Motion for Preliminary Injunction (incorrectly denominated as a Motion for Temporary Restraining Order)...."). Accordingly, it is further

ORDERED AND ADJUDGED that the plaintiffs shall notify the Court when they have served the defendant. Upon receipt of the notice, the undersigned will issue an order establishing an expedited briefing schedule.

DONE AND ORDERED in Chambers at Miami, Florida, this **11th** day of August, 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE